

NUMBER 13-14-00027-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

AMANDA JACKEL,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                              Appellee.

On appeal from the 52nd District Court
of Coryell County, Texas.

# ORDER

**Before Chief Justice Valdez and Justices Perkes and Longoria**
**Order Per Curiam**

Appellant's court-appointed counsel has filed an *Anders* brief and a motion to

withdraw in this cause. [1]   *See Anders v. California*, 386 U.S. 738, 744 (1967).   On June

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

25, 2014, the Texas Court of Criminal Appeals issued an opinion clarifying the responsibilities owed by appellant's counsel and the appellate court in *Anders* cases. *See Kelly v. State*, PD-0702-13, 2014 WL 2865901, at **1–4 (Tex. Crim. App. June 25, 2014). In accordance with this opinion, appellant's counsel must: (1) notify the appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provide the appellant with copies of both pleadings; (3) inform the appellant of appellant's rights to file a pro se response, review the record preparatory to filing that response, and seek discretionary review if this Court concludes that the appeal is frivolous; and (4) provide appellant with a form motion for pro se access to the appellate record, lacking only the appellant's signature and the date, and including the mailing address for the court of appeals, with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 2014 WL 2865901, at **3–4. Further, counsel must inform this Court, in writing, that counsel has met the foregoing requirements. *Kelly*, 2014 WL 2865901, at **3–4.

Accordingly, we ORDER appellant's court-appointed appellate counsel to comply with the foregoing procedures and file, within ten days of the date of this order, a letter certifying that appellant's counsel has met the foregoing requirements in this case.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
10th day of July, 2014.

2